Per Curiam.

In order to a clear view of this case, it may be necessary to examine the ground of proceeding in ejectment, as well on the part of the plaintiff, as defendant. On the part of the plaintiff, it is necessary, that he should deraign to himself a connected title by conveyances from the grantee ; or that he should show a seven years possession under a grant or color of title. If he does not found his claim on one or the other of these principles, he cannot recover. The defendants besides the above principles, are entitled to another ground of defence ; by a better subsisting legal title out of the lessor of the plaintiff. It is true, that agreeable to the former decisions, by a majority of the court, an exception has been formed to these principles, by permitting a contest in a court of law, between an entry and a grant, where the contesting entry has been carried into a grant. By that decision, so far as it goes, we are bound, so long as it remains the practice. But not by its consequences, or the principles of analogy, that might result from it. If this were admitted, the boundaries between law and chancery powers, would become so obscure, that it would be difficult to discern them. It is certainly of much importance, that the limits of jurisdiction should be kept as distinct and as clear as possible.
Prima Facie, at least, the plaintiff in this action has shown a good title. The position taken by the defendants in their defence, certainly has no reference to any of the principles stated. They claim *48 under Stinson the father, and it seems material to examine whether he ever had, or has now, a legal title , Such as could be sold under execution. To complete a title in him, it was necessary that the deed from Vance to him, should have been registered. After registration, the title vests by relation from the time of making the deed ; and this opinion conforms to the express words of the law 1715 c. 38 s. 5. We are not to be understood as saying, that land cannot be sold until the deed is registered, if it be afterwards registered. The deed to the father, never was registered ; it was destroyed before the judgment was obtained ; so that there never was a legal title in the father. The defendants, therefore, fail in showing a legal title. They do not pretend to claim by seven years possession ; nor do they seem authorised to oppose the plaintiff’s claim on the ground of repulsion. The opinion of Coke, Gilbert, Hardwicke, and Mansfield, has been referred to, respecting the loss of deeds ; & permitting secondary evidence, or presumption. These authorities do not apply to the case before the court. Presumption from length of time, has nothing to do with the case before the court, nor can secondary evidence be received, respecting that which never did exist, viz. a legal conveyance from Vance to Stinson the father. If the deed had been registered, proof of its loss, would authorise the reading of a copy.
If the defendants should be successful, in avoiding the deed to the sons, this would not strengthen their case in a court of law ; they would still be without any title themselves. Whether upon equitable grounds, a court of equity would decree them a title, is another consideration. It is highly probable it would. To enable a person to avail himself of the statute of Elizabeth or the 8th section of our act of 1715 c. 38, he must show that he has legal conveyances. The statute may operate in favor of a person having a legal title, so as to enable him, to avoid a prior conveyance, in a court of law on the ground of fraud : As the statute makes such prior conveyance absolutely void ; but the operation of the statute never can create a legal conveyance. *49 Such too, it is believed, is the principles of the common law. Besides, the statute respecting fraudulent conveyances, only operates upon the intent of the party conveying. It has not been contended in this case, that Vance in conveying to the sons, designed either fraud or collusion. Had a legal title been perfected in the father by registration, any destruction of the deed would not have revested the title. Registration of deeds has been assimilated to that of grants. This is certainly incorrect, as was determined at Clarksville in the case of Weakley’s Lessee vs. Wilson and others. The 11th Section of the act of November 1777 c. 1, gives the rule with respect to the registration of grants ; and the 5th Section of the act of 1715 c. 38, that in relation to deeds. The wording of the two clauses are different, and from thence an irresistable inference arises, that in the first, the Legislature made the registration, a condition subsequent. In the second, a condition precedent.

Verdict for the plaintiff.

Note, Powell J. who did not sit in this cause, having been employed as counsel, told the reporter that Judge Humphreys and himself, had agreed on the last eastern circuit, that a deed, or mesne conveyance for land, did not convey any title till registered. So that the law on that point, may be considered as settled, the Judges being unanimous.