CatRon, Ch. J.
delivered the opinion of the court.
The circuit court charged the jury, that registration of a deed subsequent to the demise laid in the declaration, would not, under the existing act of Assembly, that of December, 1831, relate back, but would only be a seizure from tire time of registration.
Before the passage of the act of 1819, deeds registered at any time, related to the time of making tire deed, and vested the title from that time, (2 Ten. Rep. 48), so, that nothing was more common than to cause deeds to be registered, to make out the chain of title, during the progress of a trial in an action of ejectment.
Then came the act of 1819, ch. 47, the first section of which, allowed twelve months for all deeds heretofore made, and not registered within the time prescribed by law, to be registered. And the second section declared, “That hereafter all deeds of conveyance, or other instruments of writing required by the laws of this State to be registered, shall be registered within twelve months from the execution thereof; and if any person shall fail to have his or her deed, or other instrument' of writing as aforesaid, registered within the time by this act prescribed, such person, or persons, may at any time thereafter have his,-her, or their deed, or instrument of writing, registered; in which case, such deed or other instrument of writing shall only operate and take effect from the time when so registered.”
This statute, it was insisted, only operated as to per-' *98 sons ^av™§ contending titles, and not as between grantor and grantee; as to deeds when registered in time, the deed related to the time of execution, and might be registered after the suit was brought, and be given in evidence; but .this court held that the law was general, and the court could make no exception to it, grounded on implication, however reasonable in particular cases, and that a deed not registered intime, did not relate.
In 1827, the Legislature restored the former law upon the effect of registered titles, in terms the most general, perhaps, found in any statute upon the subject. It is declared, “that all deeds of conveyance, grants, bills of sale, or other instruments of writing now executed, or which may be heretofore executed and made, and required by file laws of this State to be recorded or registered; and which was not, or may not be registered within the time prescribed by law for such registration, may at any time hereafter be recorded or registered; and'when so registered or recorded, shall be as good and valid in law, as if registered within the time prescribed by law: provided, that nothing in this act contained, or such registration, shall affect the rights of creditors or bona fide purchasers for valuable consideration without notice.”
Thus the law stood until the act of 1831 took effect. The preamble informs us, that the 'registration laws, as they then existed, did not answer the purpose for which they were originally designed, to wit: to give notice to creditors and subsequent purchasers. The five first sections prescribe the mode of proof, and what instruments shall. be recorded, and where; and tlie sixth section declares the effect they shall have; that they shall be received in evidence; and any instruments so proved and registered as aforesaid, shall take effect only from the time they are registered; and any deed of conveyance, bill of sale, or other instruments above mentioned, which shall be last executed, but first registered, shall have preference thereof, unless it is proved in a court of equity *99 according to the rules of said court, that such subsequent purchaser had full notice of the previous conveyance; and the liens of judgments and executions (as hereinafter regulated) shall have preference to any deed or bond, or other instrument not registered at the time the said lien of said judgment or execution attached.”
The seventh and eighth sections regulate the mode of fixing liens by judgments, so as to attain certainty in the evidence; and the 9th and 10th sections prescribe the mode of probate in certain cases, as do the l'lth, 13th, 14th and i5th sections, regulate details; but the twelfth section comes in aid of <;he sixth, and declares, “that all such deeds and other instruments, mentioned in the first section of this act, not so proved and registered as aforesaid, shall be null and void, as to existing or subsequent creditors, or bona fide purchasers, without notice; and in case of marriage contracts, shall be void, as to existing or subsequent creditors of the husband or purchasers, without notice from him; and all deeds of gift for slaves, shall be in writing, or the same shall be utterly void and of no effect whatsoever; and all the aforesaid instruments so registered as aforesaid, shall be notice to all the world from the time they are registered.”
' - To ascertain what was the intention of the Legislature, we must enquire what description of contracts, executed and executory, are required to be registered by the first section. It provides, “that all deeds for the absolute conveyance of lands, tenements and hereditaments, all bills of sale for the absolute conveyance of slaves, or other personal property; all mortgages and deeds of trust, of either real or personal property; all deeds of gift; all powers of attorney, authorizing the conveyance of real or personal property, or for other purposes; all marriage contracts or agreements; all bonds or agreements in writing, for the conveyance of real or personal property, shall be acknowleged by the party or parties executing the same, or be proved by at least two subscribing witnesses, in the *100 manner hereinafter prescribed, and bo thereupon registered.”
The sixth section enacts, that any of said instruments, when proved and registered, may be given in evidence, and shall take effect only from the time they are registered, as against an instrument of younger date, but first registered, which shall have preference in favor of a subsequent purchaser without notice; and until the deeds or agreements be registered, the property conveyed or contracted for, shall be subject to execution, and the lien of judgments against the vendor. It can be safely affirmed, that bills of sale for personal property other than slaves, household goods, horses, stock, &c. are effectual between the parties thereto, without being registered; as are powers of attorney appointing agents to sell goods, and as certainly are bonds and agreements to convey personal property, or real either. Yet, if tye take a part of a clause of tire sixth section, in disconnexion from the succeeding context, and disregard the whole scope and import of the act, reading it, “and any said instruments so proved and registered as aforesaid, shall take effect only from the time they are registered,” we may force the conclusion that a bill of sale for property, or a power of attorney to an agent to sell the most trifling articles, or an agreement to deliver property, or a title bond, have no effect, and cannot be sued upon till registered. The twelfth section, in language free from confusion, informs us against whom the instruments enumerated, are only to take effect from the time they are registered, to wit: “as to existing or subsequent creditors or bona fide purchasers, without notice.” But as between grator and grantee, this statute neither expressly repeals, or impliedly alters the act of 1827, which is in affirmance of that of 1715, ch. 38, sec. 5, on which all our register titles to lands are grounded, (2 Ten. Rep. 48, 264), and which, as regulated by the act of 1831, surely ought not to be disturbed further than this act has gone. The evils that threatened the country by the enact- *101 meat of the statute of 1827, wore commented upon in 1828, in Washington’s lessee vs. Trousdale, (M. & Yer. 387) with a design to produce restrictivo legislation, principally for the protection of creditors and purchasers; restriction was intended by the act of 1831, not a repeal, and therefore, the statutes must be construed in connexion, arid the foregoing, on the point presented, is the obviously true construction. The judgment of the circuit court must, therefore, be reversed, and another trial be had, giving effect' to the title papers, as between grantor and grantee from the date of their execution.
Judgment reversed.